UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DYAMOND G.,[1] | : | Case No. 1:24-cv-525 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

*Pro se* Plaintiff Dyamond G. brings this case challenging the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), Plaintiff's Notice of Confirmed Pregnancy (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and the administrative record (Doc. #10).

**I.   Background**

The Social Security Administration provides DIB and SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed her applications for DIB and for SSI benefits in July 2022, alleging disability due to several impairments, including a back injury, internal bleeding, road rash, and a broken femur. (Doc. #10-6, *PageID* #287). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Anne Shaughnessy. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] She reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since July 16, 2020, the alleged onset date. |
| Step 2: | | She has the following severe impairment: fracture of left femur. |
| Step 3: | | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except she cannot climb ladders, ropes, or scaffolds. She can occasionally kneel, crouch and crawl. She should avoid dangerous machinery and unprotected heights." |
| | | She is unable to perform any past relevant work. |
| Step 5: | | Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

---

[2] The remaining citations will identify the pertinent DIB Regulations with full knowledge of the corresponding SSI Regulations.

(Doc. #10-2, *PageID* #s 100-14). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since July 16, 2020. *Id.* at 114.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 98-114), Plaintiff's *Pro Se* Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Notice (Doc. #9). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff]

3

of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.    **Discussion**

Plaintiff's allegations of error in her *pro se* Statement of Errors are not entirely clear. She states:

> I have been getting denied while suffering for years and write back to defend myself about the pain in my own defense. I am requesting a reevaluation of my case due to the severity of my symptoms and the substantial impact they have had on my ability to work.
>
> As you are aware, I recently underwent surgery on my femur. While the surgery was intended to address the issue, I have continued to experience excruciating pain that severely limits my mobility and functionality. The intensity of the pain makes it impossible for me to engage in any substantial work or daily activities, as I am unable to stand or sit for long periods, and I often find myself bedridden due to discomfort. This has been and will continue to be very devastating and unfair to me and I find myself
> depressed most of the time thinking about how the car accident has changed my life in so many different ways drastically.
>
> Furthermore, I am currently pregnant, which complicates my situation further. Due to my pregnancy, I am unable to take the prescribed pain medications that were initially suggested to help manage my condition. This has left me with few options to alleviate the constant pain, and it continues to prevent me from performing any meaningful work.
>
> The pain from my femur surgery, combined with the added challenges of pregnancy, has left me physically incapacitated and unable to meet the demands of my previous employment. As a result, I am requesting a reconsideration of my disability claim, taking into account the combination of my ongoing physical limitations and the added complication of pregnancy, which further restricts my ability to function.

(Doc. #8, *PageID* #s 41-42).

Construing Plaintiff's allegations liberally, it appears that she alleges that the ALJ rendered her determination without evidence that should have been part of the record. (Doc. #8, *PageID* #s 41-42). A claimant has the ultimate burden of producing sufficient evidence to show the existence of a disability. 20 C.F.R. § 404.1512(a). But "Social Security proceedings are inquisitorial rather than adversarial . . ." and "[i]t is the ALJ's duty to investigate facts and develop arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (citing *Richardson v. Perales,* 402 U.S. 389, 400–01 (1971)). Indeed, an administrative law judge "has a special, heightened duty to develop the record" "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x. 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1051 (6th Cir. 1983)). In order to satisfy this heightened duty, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Lashley,* 708 F.2d at 1052 (internal quotations omitted). There is no bright line rule for determining when an ALJ judge has failed to fully develop the record; "[t]he determination in each case must be made on a case by case basis." *Id.*

Plaintiff proceeded at the hearing *pro se*, thus suggesting that a heightened duty may have been triggered. The ALJ specifically discussed the medical records contained in Plaintiff's file, including, "we basically have records from UC Health and Tri-Health[,] and Social Security sent you to a psychologist and we have her report. And we have records up to August [2023]." (Doc. #10-2, *PageID* #123). She continued, "exhibits [1A] through 11F are admitted into evidence." *Id.* at 124. The ALJ satisfied her duty to develop the record as a result. *Figard v. Comm'r of Soc.*

5

*Sec.*, No. 1:09-cv-425, 2010 WL 3891211, at *7 (W.D. Mich. July 1, 2010) (quoting *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)) (holding that an ALJ satisfies her "'duty to develop the record by obtaining pertinent, available medical records which c[a]me to [her] attention during the course of the hearing'").

To the extent that Plaintiff is referring to other evidence, "[e]vidence which was not a part of the record on which the Commissioner's final decision was based may not be considered as part of the administrative record for purposes of judicial review." *Cocroft v. Colvin*, No. 2:13-CV-729, 2014 WL 2897006, at *2 (S.D. Ohio June 26, 2014) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Stevens v. Astrue*, 839 F. Supp. 2d 939, 951 (S.D. Ohio 2012)). Instead, "[j]udicial review is confined to the evidence that was available to the Commissioner." *Cocroft*, 2014 WL 2897006, at *2 (citing *Hollon ex rel. Hollon*, 447 F.3d at 487). "Evidence submitted in the first instance to the district court may only be considered in determining whether remand is appropriate pursuant to sentence six of 42 U.S.C. § 405(g)." *Cocroft*, 2014 WL 2897006, at *2 (citing *Stevens*, 839 F. Supp. 2d at 951).

The Commissioner contends that based on Plaintiff's Notice of Confirmation of Pregnancy (Doc. #9), Plaintiff appears to seek remand under sentence six of 42 U.S.C. § 405(g), which provides for remand for consideration of new and material evidence. (Doc. #11, *PageID* #1284). However, according to the Commissioner, the evidence Plaintiff submits, which is dated after the ALJ issued the Commissioner's final decision, is not material, and Plaintiff does not show good cause for failure to submit the evidence to the ALJ before she issued her decision. *Id*. at 1294-98.

6

As noted above, Plaintiff argues that due to her pregnancy, she is unable to take the prescribed pain medications which has left her with few options to alleviate her "constant pain," which therefore prevents her "from performing any meaningful work." (Doc. #8, *PageID* #41). Plaintiff has not, however, requested a sentence six remand. *See Cocroft*, 2014 WL 2897006, at *2 (noting that plaintiff simply submitted new evidence without requesting a sentence six remand).

However, even if the undersigned were to construe Plaintiff's Statement of Errors as a request for a sentence six remand, Plaintiff has not established that such a remand would be warranted by showing that the additional evidence provided is new, material, and that there is good cause for not having presented the evidence sooner, although the burden to do so is hers. 42 U.S.C. § 405(g); *see also Cocroft*, 2014 WL 2897006, at *12 (citations omitted) ("The plaintiff has the burden of establishing that the evidence is new and material and that there is good cause for not having presented the evidence to the Administrative Law Judge.").

While Plaintiff's additional evidence post-dates the ALJ's decision, arguably fulfilling the new requirement of a sentence six remand, Plaintiff's evidence falters when considering the material requirement. Evidence is material for the purposes of a sentence six remand when "there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff contends that her subsequent pregnancy prevents her from taking medication that aided with her pain, which this Court should consider as an "added complication." (Doc. #8, *PageID* #s 41-42). However, for an impairment to be considered for a disability finding, it must last or be

7

expected to last a duration of a continuous twelve months or longer. 20 C.F.R. § 404.1509. With a full-term duration of nine months, pregnancy does not meet the threshold of the duration requirement; therefore, this evidence would not be material in changing the ALJ's non-disability finding.

Additionally, the remaining records that Plaintiff provides in her Notice of Confirmed Pregnancy do not meet the material requirement. While Plaintiff endorses 7-10/10 level of pain in these records, she also reported a greater than 50% increased improvement in function with the medication she was taking before the onset of pregnancy. (Doc. #9, *PageID* #s 71-78). This improvement in function while compliant with medication was already noted in the ALJ's decision. (Doc. #10-2, *PageID* #112). Furthermore, while the Plaintiff argues that her pain prevents her from "performing any meaningful work," one of the medical records Plaintiff provides in her Notice of Confirmed Pregnancy indicates that she was employed on March 5, 2024, after the ALJ's November 17, 2023 non-disability determination. (Doc. #8, *PageID* #41); *but see* (Doc. #9, *PageID* #76). While the nature of Plaintiff's employment is not detailed, this new evidence certainly would not facilitate the ALJ to reconsider her non-disability finding; thus, this evidence is not material for purposes of a sentence six remand. Therefore, Plaintiff has failed to carry her burden of demonstrating how her submitted additional evidence warrants this Court to issue a sentence six remand.

To the extent that Plaintiff asserts additional errors, "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to .

. . put flesh on its bones.'" *Bawkey v. Comm'r of Soc. Sec.*, No. 1:17-CV-1068, 2019 WL 1052191, at *8 (W.D. Mich. Feb. 6, 2019), *report and recommendation adopted*, No. 1:17-CV-1068, 2019 WL 1044448 (W.D. Mich. Mar. 5, 2019) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Importantly, *pro se* litigants, like Plaintiff, are held to this same standard. *See Bawkey*, 2019 WL 1052191 (citing *Reid v. Quality Serv. Integrity*, No. 16-5107, 2016 WL 11258239, at *1 (6th Cir. Aug. 19, 2016) (internal citations omitted) ("Although *pro se* filings should be liberally construed, *pro se* litigants must attempt to develop arguments regarding issues raised in their appellate briefs in order to preserve those issues for appeal.")). Plaintiff has made no attempt to develop her arguments, and the undersigned is not obligated to do so for her. *See, e.g.*, *Doolittle v. Comm'r of Soc. Sec.*, No. 18-4176, 2019 WL 6464019, at *2 (6th Cir. Sept. 4, 2019) (holding that *pro se* plaintiff waived "any possible challenge to the ALJ's ruling" where "[s]he ma[de] no specific arguments to support [her] assertions, [ ] and d[id] not refer to any part of the record or cite any authority on which she relie[d]"); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006) ("This challenge warrants little discussion, as Hollon has made little effort to develop this argument in her brief on appeal, or to identify any specific aspects of the Commissioner's determination that lack support in the record. Under these circumstances, we decline to formulate arguments on Hollon's behalf, or to undertake an open-ended review of the entirety of the administrative record[.]"); *Bawkey*, 2019 WL 1052191, at *8 (holding that *pro se* plaintiff waived his arguments where his "claims of error [were] nothing more than a list of grievances unaccompanied by any effort at developed argumentation"); *Tarver v. Comm'r of Soc. Sec.*, No. 1:10 CV 2721, 2011 WL 3900579, at *1 (N.D. Ohio July 8, 2011), *report*

*and recommendation adopted*, No. 1:10CV2721, 2011 WL 3911116 (N.D. Ohio Sept. 6, 2011) ("This Court does not conduct a *de novo* review in social security proceedings, and certainly cannot be expected to craft an argument on Plaintiff's behalf.").

For these reasons, Plaintiff's Statement of Errors is not well-taken.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #8) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

September 29, 2025

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge